EASTERN DIST.
*March,* 1840.

BISSELL ET UX. *vs.* ERWIN'S HEIRS.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

When the vendee has been evicted by an outstanding mortgage, and claims damages from his vendor, parole evidence is admissible to show the real amount of damages actually sustained; notwithstanding the vendee may have been in arrears of interest or rent at the time of eviction.

The writ of seizure or execution, and the officer's return thereon, may be given in evidence, without the judgment, when that appears in the record, although introduced for another purpose.

The rejection of irrevalent evidence, which, if admitted, could not have influenced the decision in the case, cannot be complained of.

Where the vendee sues for damages, on account of eviction, evidence to show a putting *in default* by the vendor, in demanding rent or interest due, is not admissible. It can have no influence on the claim for damages after eviction.

Evidence of the acts or acknowledgments of *a nominal* party to a suit, touching a modification or new promises in relation to the original contract or transaction in question, will not be admitted.

When the eviction is admitted by the pleadings, the production in evidence of the writ or execution under which the sheriff acted, is sufficient, without the judgment under which it issued.

The *increased* value of the property forms a part of the damages assessed on the warranty in case of eviction; but such *increase only* as the parties could have had in contemplation at the time of the contract, will be taken into the account.

This is an action to recover damages on the warranty against the heirs of the vendor, by those of the vendee, on account of eviction.

The plaintiffs show, that in 1827, Abram Wright bought of Joseph Erwin a tract of land and slaves for the price and sum of eleven thousand dollars, payable in fifteen years; and in the mean time was to pay an annual rent of eleven hundred dollars per annum until final payment. At the time of this sale the Bank of the United States held a mort-

gage on said property, to secure the payment of twenty-one

thousand dollars, due it by Joseph Erwin, and which was not disclosed by him at the said sale, to the vendee, Abram Wright. The petitioners also allege, that before the death of Erwin, in 1829, Wright made complete payment of the price, to wit, the sum of eleven thousand dollars. In the same year Wright died, and left a widow and one child. The widow afterwards married Frederick N. Bissell, who joins her in this suit. That in 1833, the Marshal of the United States for the Eastern District of Louisiana, levied an execution on said plantation and slaves, which issued on a judgment in favor of the Bank of the United States against the widow and heirs of Joseph Erwin, for the balance of the said mortgage debt still due and unpaid, amounting to ten thousand five hundred dollars, with interest; and the same was sold, to sundry purchasers, by which the widow and heir of Wright were *evicted.*

The plaintiffs, Bissell and wife, in her own right, and as tutrix and co-tutor of the sole minor child and heir of Wright, instituted this suit the 4th April, 1834, to recover damages in consequence of the eviction. They allege, that the property was worth twenty-seven thousand dollars at the time of said eviction, which, with the loss, revenues, &c., makes their claim for damages thirty-five thousand six hundred and thirty dollars. They further state, that if they fail to show full payment of the original price by Wright in 1829, that they were not bound to pay the same until the end of fifteen years from the date of the sale in 1827, by paying eleven hundred dollars per annum rent, or interest.

They pray judgment for the *increased* value of the property at the time of eviction, being sixteen thousand dollars over and above the original price, and for other damages which they have suffered in consequence of the said eviction.

The defendants plead sundry objections, and also denied the heirship of the plaintiffs, and likewise denied they themselves were the heirs, pure and simple, of Joseph Erwin, but that his estate was accepted with the benefit of inventory. They admit the sale of 1827, but deny that any of its terms

Eastern Dist.
March, 1840.

BISSELL ET UX.
vs.
ERWIN'S HEIRS.

or stipulations have ever been complied with, either by Wright in his lifetime, or by other persons since or before his death, so as to entitle his heirs or any other person to the benefits and advantages of the said agreement or lease; that the rent was never paid; nor the purchase money or any part thereof; that at the time of making this agreement, Wright was well aware of the incumbrance or mortgage existing on the property, and especially the mortgage to the Bank of the United States. That subsequently, to wit, on the 25th November, 1828, another agreement was entered into between Erwin and Wright, in which the latter acknowledged and declared he had on that day rented the premises, he then living on them, together with all the slaves and farming utensils, for which he was to pay the next or ensuing year eighteen hundred and forty-seven dollars. That this last agreement, which gave to Erwin certain privileges on the crop, operated the annulment and discontinuance of the first. The defendants pray that the plaintiffs' demand be rejected.

Upon these issues and pleadings this cause has been several times tried, and was formerly twice before this court. See 10 *Louisiana Reports*, 524; 13 *Idem.*, 143.

In the course of the trial several bills of exception were taken by the defendants to the opinion of the court on questions or points arising on the introduction of evidence, and the charge of the judge to the jury. These several points are taken and fully stated in the opinion of this court, which need not be recapitulated.

There was a verdict and judgment for the plaintiffs, giving them four thousand dollars; and after an unsuccessful attempt to obtain a new trial the defendants appealed..

*Labauve* and *Ives*, for the plaintiffs and appellees, prayed the affirmance of the judgment.

*Winchester* and *Edwards*, for the defendants and appellants, endeavored to show that neither Wright nor the plaintiffs had such a contract of sale, or had done any thing to entitle

them to the privileges and rights of vendees evicted, on the warranty against the defendants as vendors. That there was error in the decision of the court, excluding evidence, which went to show the true and proper relations between the parties, and that Wright was nothing more than a lessee, and had even failed to comply with his engagements as such.

*Bullard, J.*, delivered the opinion of the court.

This case has been repeatedly before this court, and was finally remanded for a new trial last year. (See 13 *Louisiana Reports.*) And from a judgment founded upon the verdict of a jury, rendered on the last trial, the defendants prosecute the present appeal.

Several bills of exceptions, which we proceed to notice, cover the whole merits of the controversy between the parties.

The first shows, that the plaintiffs offered parole evidence to prove that they had suffered damages by eviction from the plantation and slaves, set forth in their petition, under an order of seizure and sale in a suit of the United States Bank *vs.* The Widow and Heirs of Erwin, to the introduction of which evidence the defendants objected, on the ground that the plaintiffs could not go into proof of any damages for eviction until they had first proved that A. Wright had paid up the rent, as stipulated in the acts of sale from Erwin to Wright. The payment of the rent being a condition precedent by said acts of sale, and until this was done the defendants were not put *in morâ*, and therefore not liable in damages; the payment of the rent being the condition upon which Wright was to be maintained in possession. The objections were overruled, the evidence admitted, and the defendants took their bill of exceptions.

The court, in our opinion, did not err. The eviction did not take place in consequence of a failure to pay the rent or interest, but in consequence of an outstanding mortgage in favor of the bank. The non-payment of a stipulated interest, under the name of rent, which, in truth, was a part of the price, may, indeed, have weight in deciding upon the quan-

When the vendor has been evicted by an outstanding mortgage, and claims damages from his vendor, parole evidence is admissible, to show the real amount of damages actually sustained, notwithstanding the vendee may have been in arrears of interest or rent at the time of eviction.

EASTERN DIST.
*March*, 1840.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.

tum of damages, but cannot prevent the party evicted from offering evidence to show the amount of damages really sustained.

The second bill of exceptions shows, that the plaintiff offered in evidence the petition and proceedings, with the writ of seizure and sale issued by the clerk of the United States Court, together with the Marshal's return thereon, in the case of the Bank of the United States against the widow and heirs of Erwin. Their introduction was opposed on the ground that a judgment, or order of seizure, should first have been shown, under which the Marshal proceeded. But the court overruled the objection, and permitted the documents to be read to the jury, being of opinion, that the first was already admitted by the pleadings. This view of the court is fully sustained by an inspection of the record, from which it appears that the seizure and sale, by judicial authority, is not only admitted, but is pleaded as a defence against this action, on the allegation that it was by the fault of the plaintiffs.

*The writ of seizure or execution, and the officer's return thereon, may be given in evidence, without the judgment, when that appears in the record, although introduced for another purpose.*

The defendants next offered in evidence the *proces verbaux* of two meetings of the family of the minor plaintiff, held with a view of advising a compromise or transaction with the heirs of Erwin, and of obtaining a loan upon the property in order to pay off the mortgage to the bank. These documents were offered to show that the plaintiffs had assumed to pay the bank mortgage under which they complain of having been evicted. This evidence was rejected, the court being of opinion, that as the plaintiffs hold under an act under private signature, and the mortgage to the bank being by authentic act, and consequently binding on the property, it was the interest of the plaintiffs to pay the debt, although not their own, and that the effort to effect a compromise was with the same view and motive, and that a tender of a compromise ought not to militate against a party wishing to buy his peace. That no compromise, in fact, was shown, &c. We think the court did not err. The evidence was irrelevant, and, if admitted, could not in our opinion have influenced the decision of the case.

*The rejection of irrelevant evidence, which, if admitted, could not have influenced the decision in the case, cannot be complained of.*

·The defendants further took a bill of exceptions to the refusal of the court to admit evidence of a demand of A. Wright by the executor of the last will of J. Erwin, to pay the rent due on the property, and thus putting him *in morâ*. We concur with the district judge in the opinion that such putting in delay would only have authorized the heirs of Erwin to proceed against Wright, according to the conditions of their contract, but could have no influence upon the decision of this case, for reasons already alluded to.

The defendants next offered to prove by witnesses, that one of the plaintiffs, to wit, F. N. Bissell, the husband of the late widow Wright, had often declared, that the plaintiffs had entered into an agreement with the defendants to pay the mortgage·debt due to the United States Bank, and that Erwin's heirs had released them from a larger debt due ; that they had made a good arrangement, and were then negotiating with the bank to extend the time of payment. But the evidence was, in our opinion, properly rejected, because Bissell being only a nominal party could not alone bind the plaintiffs by his acts or his acknowledgments.

The defendants prayed the charge of the court to the jury upon various questions of law, arising in the progress of the trial, and we proceed to review the charge given, so far as the instructions asked were refused by the court. Upon the first instruction asked, we have already expressed our opinion, to wit, that the fact of eviction is admitted by the pleadings, and that the production of the writ under which the sheriff acted was sufficient, without showing the fiat of the judge.

The judge was required to charge the jury, that the value of the property at the time of the eviction, is not the true and proper estimate of damages which the plaintiffs should recover. That they have only a right to recover back the purchase money, and such damages as they may have suffered ; and that these damages should be confined to the price paid, and the value of the improvements, and the injury they may have sustained by the inconvenience of change of domicil and loss of time. This charge the court properly refused to give, but instructed the jury in the language of

EASTERN DIST.
*March,* 1840.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.

Where the vendor sues for damages, on account of eviction, evidence to show a putting *in default* by the vendor, in demanding rent or interest due, is not admissible. It can have no influence on the claim for damages after eviction

Evidence of the acts or acknowledgments of a nominal party to a suit, touching a modification or new promises in relation to the original contract or transaction in question, will not be admitted.

When the eviction is admitted by the pleadings, the production in evidence of the writ or execution under which the sheriff acted is sufficient, without the judgment under which it issued.

EASTERN DIST.
*March*, 1840.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.

The *increased value* of the property forms a part of the damages assessed on the warranty in case of eviction; but such *increase only* as the parties could have had in contemplation at the time of the contract will be taken into the account.

the Supreme Court in this cause : That the law stands here as it did in France before the adoption of the code, and there the increased value of the property formed part of the damages assessed on a warranty, but such increase only as the parties could have had in contemplation at the time of the contract, ought to be taken into the account, and the vendor should not be made to pay the increase which results from unforeseen events, or from accidental causes. The judge referred the jury to the opinion of this court, *in extenso*, as reported in 13 *Louisiana Reports*, 143. It is, perhaps, useless to say that the opinion of this court remains unchanged on this point.

Upon the 4th, 5th and 6th points the charge conformed to the request of the defendants.

7th. The court was next asked to charge the jury, that the sale of the 13th of May, 1827, superceded and annulled the act of June, 1824, and that this latter sale ought not to be taken into consideration in estimating the damages. The judge, on the contrary, told them, in the language of this court, that the act of sale of 1824, together with that of 1827, and Wright's memorandum of 1828, appear to us to be evidence of one and the same contract, modified in its execution by each of those acts, but from the beginning, a sale to Wright of the property from which the plaintiffs have been evicted.

On the 8th and 9th points, the charge conformed to the prayer of the defendants.

The whole may be considered as a fair exposition of the law of the case, and on some points, perhaps, more favorable to the defendants than they had a right to expect. The case was fairly tried, and although the evidence is variant, yet we are not authorized to pronounce the verdict so manifestly wrong as to disregard it.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.